# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-808V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
JESSICA DEAN and RYAN DEAN on behalf of    *
their minor child, I.D.,                    *        Special Master Corcoran
                                            *
              Petitioners,                   *        Filed: January 2, 2018
                                            *
       v.                                    *        Decision; Attorney's Fees and Costs.
                                            *
                                            *
SECRETARY OF HEALTH AND                      *
HUMAN SERVICES,                              *
                                            *
              Respondent.                    *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioners.

*Darryl R. Wishard*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 17, 2013, Jessica and Ryan Dean filed a petition on behalf of their minor child, I.D., seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioners alleged that I.D. developed "significant neurological deficits" following receipt of the Haemophilus Influenzae Type b and Diphtheria-Tetanus-acellular Pertussis vaccines on February 24, 2011. Petition (ECF No. 1) at 1. Although the matter was originally set for hearing, the parties subsequently expressed a willingness to have the claim decided on the record. I issued a Decision

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

denying an award of entitlement on June 9, 2017. ECF No. 67. Petitioners appealed, but their motion for review was denied on August 16, 2017. ECF No. 75. Thereafter, judgment entered on September 26, 2017. ECF No. 76.

Petitioners previously sought an interim award of fees and costs in the present case.[3] They have now filed a final request for attorney's fees and costs, dated December 21, 2017. ECF No. 79 ("Fees App."). Petitioners request reimbursement of attorney's fees and costs in the amount of $56,389.10 (representing $43,085.00 in attorney's fees, and $13,304.10 in costs incurred after the Court's first interim award decision). *See generally* Ex. A to Fees App. (ECF No. 79-1). Petitioners' requested expert costs (representing $11,800.00) are also included in the total sum requested. Respondent filed a brief reacting to Petitioners' fees request on December 27, 2017, acknowledging that the statutory requirements for an award of attorney's fees and costs in this case have been met, and deferring to my discretion in determining the reasonableness of Petitioners' request. ECF No. 80.

The First Interim Fees Decision sets forth the law applicable to the present request. *See* Decision, dated November 12, 2015 (ECF No. 53) ("First Interim Fees Dec."). It also specifically addresses the propriety of the hourly rates sought by Petitioners' counsel. First Interim Fees Dec. at 8-9. I adhere to my prior determinations in resolving the present fees request. Furthermore, the increases requested for attorney rates for work performed in 2016-2017 are consistent with my prior decisions awarding attorney fees to Mr. Downing and his associates. *See, e.g., Bowlds v. Sec'y of Health & Human Servs.*, No. 13-956V, 2017 WL 5397641 (Fed. Cl. Spec. Mstr. Oct. 17, 2017); *Allicock v. Sec'y of Health and Human Servs.*, No. 15-485V, 2016 WL 3571906 (Fed. Cl. Spec. Mstr. May 26, 2016), *motion for review denied*, 128 Fed. Cl. 724 (2016), *appeal dismissed*, 691 F. App'x 910 (Fed. Cir. 2017).

Here, although Petitioners were not successful in pursuing their claim, I find that the matter had sufficient reasonable basis to justify a final award of fees (and Respondent has not argued otherwise). In addition, I find the hourly rate requested for counsel is reasonable overall, in light of my prior fees awards. And having reviewed the invoice submitted with the present request, I determine that the time devoted to the matter was reasonable, and therefore should not be subjected to further adjustment. Finally, I find the requested experts costs to be reasonable and I will award those in full.

---

[3] On June 22, 2015, Petitioners filed their first interim request, seeking an interim award of $50,114.83 in total. *See* Motion for Interim Attorney's Fees and Expenses, dated June 22, 2015 (ECF No. 41). I granted this motion in part, awarding interim fees and costs of $38,104.83. *See* Decision, dated November 12, 2015 (ECF No. 53) ("First Interim Fees Dec."). Although I awarded most of the attorney's fees requested, I deferred consideration of Petitioner' requested expert costs until a later time, and indicated that Petitioners could request the remainder of that expert time after hearing. *See* First Interim Fees Dec. at 12-13.

Accordingly, I hereby **GRANT** Petitioners' Motion for attorney's fees, and award a total of **$56,389.10** as a lump sum in the form of a check jointly payable to Petitioners and Petitioners' counsel, Mr. Andrew Downing, Esq.

The clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.